IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL #183459
        Plaintiff        :

        v.        :  CIVIL ACTION NO. JFM-06-3068

RICHARD ROSENBLATT, et al.  :
        Defendants

## **MEMORANDUM**

On August 9, 2007, the court requested supplemental information from several of the remaining parties to this action.[1] Paper No. 80. Plaintiff has failed to provide information to assist the Clerk in obtaining service of process on defendants Hambertson, Adams and Greenleaf. Accordingly, these defendants shall be dismissed without prejudice. For reasons set forth herein, summary judgment shall be granted in favor of defendants Bowles, Cole and Riddick.[2]

Plaintiff claims defendant Bowles on August 9, 2005, told him he would not be getting additional contact lenses or medication to ease pain in the eyes. In her uncontroverted affidavit, Bowles states she is not involved in direct patient care, and that her only involvement with plaintiff occurred in her role as a department representative at two patient care conferences convened in July of 2005, at which time prison mental health staff were treating plaintiff for self-mutilation. Bowles

---

[1] These party defendants include: Eleanor G. Bowles, the Agency Contract Operations Manager employed by the Department of Public Safety and Correctional Services ("DPSCS") and working out of the Maryland Correctional Training Center ("MCTC") in Hagerstown; Lynn Cole, the current Site Manager at the Eastern Correctional Institution ("ECI") in Westover, working for Correctional Medical Services, Inc. ("CMS"); and Jerilyn Riddick, ECI's Agency Contract Operations Manager, who also works for DPSCS.

[2] Dispositive motions construed as motions for summary judgment have been filed on behalf of these defendants. *See*, respectively, Paper Nos. 74, 77 and 81. Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk on September 13, 2007, informed plaintiff that: defendants had filed a dispositive motion; plaintiff had seventeen days in which to file written opposition to the motion; and if plaintiff failed to respond, summary judgment could be entered against him without further notice. *See* Paper No. 82. Plaintiff has chosen to respond to defendant Coles's dispositive motion but otherwise has chosen not to respond. *See* Paper No. 85. The standards for reviewing summary judgment motions and allegations of Eighth Amendment denials of medical care have been fully set forth in the court's memorandum of May 11, 2007, and will not be reiterated here.

states she attends such conferences in order to monitor compliance with existing health care contracts. She further notes that subsequent to the July, 2005, conferences plaintiff was seen by eye care specialists, including those at the Wilmer Eye Clinic. Paper No. 74 and Bowles affidavit at 1. Plaintiff has failed to substantiate his claim that Bowles somehow interfered with his eye care, and his claim against her fails.

CMS employee Coles, a regional manager who is an administrator, likewise is entitled to summary judgment. Off-site consultations and medical specialty clinics are not subject to Coles's aproval, but rather must be reviewed by Wexford Health Sources, Inc. ("Wexford"), the private utilization review contractor for DPSCS. Paper No. 77 and Coles affidavit at 1-2. Furthermore, the medical records attached to Coles's dispositive motion indicate that plaintiff did in fact receive specialty eye care and contact lenses while incarcerated at ECI. *Id*., Exhibit 3.

Plaintiff claims defendant Riddick, a former DPSCS employee, promised him on August 29, 2006, that he would be seen at Wilmer, but instead sent him to the prison's own optometrist and later to the prison eye doctor who was not affiliated with Wilmer. The uncontroverted medical evidence shows that plaintiff was referred to Wilmer on August 29, 2006, subject to approval by Wexford. Paper No. 83, Medical Exhibits at 29. Wexford was contacted by medical personnel again on November 7, 2006, concerning the appointment. *Id*., Medical Exhibits at 50. The consultation apparently occurred shortly thereafter, because plaintiff complained on January 30, 2007, that the recently-provided new contact lenses did not fit. Paper No. 52, Medical Record, progress note of January 30, 2007. An additional set of lenses was provided on June 20, 2007, and fit. Paper No. 83, Medical Exhibits at 52. Defendant Riddick does not appear to have played any role in delaying plaintiff's referral to Wilmer and certainly is not responsible for any difficulty in

fitting the lenses prescribed in November or December of 2006.

Medical records provided by CMS do not show any injury to plaintiff with regard to eye care provided during the period between August 9, 2005, and the time he received his latest set of contact lenses in June, 2007.[3]  Paper No. 83.  A delay in obtaining better-fitting lenses did occur.  Whether such delay occurred because of plaintiff's transfers among DOC facilities, was occasioned by problems emanating within Wexford, was attributed to problems scheduling appointments with one of the world's premier eye clinics, or, as plaintiff suggests, resulted from defendants' failure to ascertain who was to order the lenses and pay the medical bill so the lenses could be shipped,[4] remains unresolved.  There is no evidence, however, that plaintiff's vision was permanently injured by the delay, or that the problem has not been resolved and plaintiff is not benefitting from his use of the new contact lenses.  Accordingly, summary judgment is appropriate here.


October 4, 2007                                             /s/
                                                            J. Frederick Motz
                                                            United States District Judge

---

[3] Indeed, the January 30, 2007, medical note suggests part of the problem was created by plaintiff's noncompliance in caring for his old set of lenses and exacerbated in part by his wearing two lenses in one eye.  *Id.* at 50.

[4] *See* Paper No. 85 at 2.